**C.A.M., s.p.a., Plaintiff,**

v.

**E.B. MARKS MUSIC, INC., Defendant.**

**No. 82 Civ. 8130(MP).**

United States District Court,
S.D. New York.

Feb. 7, 1983.

**58**

Feinman & Krasilovsky by Andrew J. Feinman, New York City, for plaintiff.

Abeles, Clark & Osterberg by Robert C. Osterberg, New York City, for defendant.

## MEMORANDUM AND OPINION

MILTON POLLACK, District Judge.

Plaintiff moves the Court for an order directing that the attorneys for the defendant, the law firm of Abeles, Clark and Osterberg, be disqualified from any partici-pation in this action. The motion is based on an asserted conflict of interest arising out of the Abeles firm's prior representation of the plaintiff. For the reasons set forth below, the motion to disqualify is denied in all respects.

In the present action plaintiff seeks a declaratory judgment and to enjoin defendant from asserting any claim to the lyric rights of a song entitled "More" which allegedly consists of lyrics originally written by Norman Newell for a pre-existing motion picture soundtrack entitled "Mondo Cane". Plaintiff claims to own the musical rights to the soundtrack and to the lyrics.

The claimed conflict of interest arises out of a lawsuit entitled *C.A.M. s.p.a. v. Jack Paar*, 70 Civ. 2595 (ELP). In the prior action C.A.M. sued Jack Paar for the unauthorized use of the soundtrack for "Mondo Cane". Jack Paar filed a third-party complaint against Broadcast Music, Inc., claiming that he obtained the right to use the music from BMI. In turn, BMI filed a fourth-party complaint against the defendant in the present action, E.B. Marks Music, Inc. In the prior action, hereinafter, the SOUNDTRACK action, C.A.M. and E.B. Marks were represented by Abeles, Clark and Osterberg. Plaintiff claims that Abeles, Clark and Osterberg cannot represent defendant in the present action because such representation necessarily violates Canon 4 of the ABA Code of Professional Responsibility by undermining plaintiff's security that its secrets will not be disclosed.

In addition to denying that a conflict of interest necessarily exists, defendant claims that plaintiff's attorneys, Feinman & Krasilovsky are similarly subject to disqualification. In 1974, Feinman & Krasilovsky represented both the present parties in an action brought against them by Riz Ortolani, the Italian author of the music used in the soundtrack. *See Riz Ortolani v. C.A.M. s.p.a., Edward B. Marks Music Corp. and Ardmore and Beechwood, Ltd.,* (N.Y.Sup. Ct., County of N.Y., Summons dated September 25, 1974). The dispute in the State Court case involved Ortolani's claim that

neither C.A.M. nor E.B. Marks had rights to "Mondo Cane" or to "More". The action was settled shortly after issue was joined. Defendant argues that Feinman & Krasilovsky are no less subject to disqualification than are Abeles, Clark and Osterberg.

*Applicable Law.*

A conflict of interest in representing a current client with interests adverse to those of a former client results in the potential violation of the Canon 4 requirement that an attorney preserve his clients confidences and secrets. The Second Circuit has held that the successive representation of clients with adverse interests will only lead to disqualification where the current representation is substantially related to the former representation. *See Government of India v. Cook Indus.,* 569 F.2d 737 (2d Cir. 1978). Proof of a substantial relationship requires that the moving party show that the relationship is "patently clear", *see Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.,* 518 F.2d 751 (2d Cir.1975) (overruled on other grounds by *Armstrong v. McAlpin,* 625 F.2d 433 (2d Cir.1980) (en banc), *vacated and remanded,* 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981)), or that the issues involved in the two representations were "identical" or "essentially the same". *Government of India,* 569 F.2d at 740.

The present case differs from the standard successive representation situation because Abeles, Clark and Osterberg represented both parties in the prior action. Before the substantial relationship test can be employed, the moving party must demonstrate that "the attorney was in a position where he *could* have received information which his former client might reasonably have assumed the attorney would withhold from his present client." *Allegaert v. Perot,* 565 F.2d 246, 250 (2d Cir.1977). As in the present case, the attorneys in *Allegaert* had a long-standing relationship with a primary client [E.B. Marks] and briefly represented both parties when their interests apparently coincided. The Second Circuit upheld Judge Knapp's decision to deny disqualification without reaching the substantial relationship question. The Court reasoned that any "secret" revealed by the complaining party [C.A.M.] to their attorneys during the joint representation would have necessarily been revealed to the primary client [E.B. Marks]. Thus the later representation of the primary client against the interests of the former joint client could not cause the disclosure of any secrets—there was no expectation that information would be concealed from the primary client. For this reason, the motion to disqualify defendant's attorneys must be denied.

Additionally, the issues involved in the present case are not "identical" or "essentially the same" as those involved in the action brought against Jack Paar. The former action involved a dispute over the ownership of the soundtrack. The current case solely concerns whether defendant has any remaining contractual rights to the lyrics written by Norman Newell. At a pre-motion conference held on January 3, 1983, plaintiff's attorney stated that the present action was purely contractual between the two parties. In contrast, contracts between C.A.M. and E.B. Marks were not the subject of the 1970 lawsuit. Thus the substantial relationship test does not require disqualification of defendant's attorneys.

*Conclusion.*

For the above reasons, plaintiff's motion to disqualify defendant's counsel is denied. Defendant's request for attorneys fees based on a claim that the motion is an attempt to delay the action and harass the defendant, is also denied. There is no reason to believe that this motion was brought in bad faith.

SO ORDERED.